UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUTAZ ALSHARA,

Plaintiff,

v.

Case No. 26-mc-51118
Hon. Matthew F. Leitman

DOORDASH, INC.,

Defendant.

_______________________________________/

**ORDER (1) DENYING MOVANT'S MOTION FOR RECUSAL (ECF No. 4) AND (2) GRANTING IN PART AND DENYING IN PART MOVANT'S MOTION FOR LEAVE TO FILE COMPLAINT (ECF No. 1)**

By order dated July 20, 2026, this Court enjoined Movant Mutaz Alshara from filing any further civil actions in this Court without first obtaining permission from a judicial officer of this Court. (*See Alshara v. All Pro Logistics*, *LLC*, Civil Action No. 26-cv-11929, ECF No. 9.[1]) On September 1, 2026, Alshara initiated this miscellaneous action in which he seeks permission to file a new civil action against Doordash, Inc. (*See* Mot., ECF No. 1.) On November 2, 2026, Alshara filed a motion for the recusal of the undersigned. (*See* Mot., ECF No. 4.) The Court addresses both motions in this order.

[1] Alshara has attached a copy of the Court's July 20 order as Exhibit 4 to his motion for leave in this action. (*See* ECF No. 1-4.)

The Court begins with the motion for recusal. (*See* Mot., ECF No. 4.) That motion is **DENIED**. The motion has no merit. In the motion, Alshara claims that the Court is biased against him and that the Court retaliated against him when it entered the order containing the pre-filing restrictions. More specifically, Alshara says that the Court issued the pre-filing restrictions in retaliation for protected speech that was contained in his prior filings that the Court deemed frivolous. In the speech at issue, Alshara claimed that he had been the victim of discrimination based upon his sexual orientation. As Alshara acknowledges, the Court's order containing the pre-filing restrictions, on its face, was not based upon his sexual orientation and expressed no negative views concerning his claimed protected speech. Instead, the order carefully explained that pre-filing restrictions were essential based upon Alshara's history of vexatious litigation. Alshara now claims that the Court's stated reasons were a pretext for retaliation against his protected speech. Alshara is wrong. The Court takes no issue with any protected speech in which Alshara claims to have engaged. Instead, the Court takes issue with Alshara's pattern of abusive litigation. Alshara has not shown that any aspect of the Court's prior rulings evidence any retaliation by the Court or otherwise warrant recusal.

Alshara next says that the undersigned must recuse himself because Alshara has prepared and intends to file a lawsuit against the undersigned in the District of Columbia based upon the undersigned's handling of the prior actions involving

Alshara. Such a filing would be a continuation of Alshara's pattern of baseless and abusive litigation. Alshara cannot secure the undersigned's recusal by filing a meritless lawsuit against the undersigned in a distant court. For all of these reasons, Alshara's motion for recusal (ECF No. 4) is **DENIED**.

The Court next moves to Alshara's motion for leave to file a civil action against Doordash. (*See* Mot., ECF No. 1.) That motion is **GRANTED IN PART AND DENIED IN PART**. The Court has reviewed the proposed First Amended Complaint that Alshara proposes to file (*see* ECF No. 2), and the Court will permit Alshara to file some, but not all, of the claims asserted in that pleading. More specifically, Alshara may file a Second Amended Complaint against Doordash asserting the claims in Counts I through VI and Count X of the proposed First Amended Complaint. Alshara may not include in his Second Amended Complaint the claims in Counts VII-IX of the proposed First Amended Complaint. Alshara does not sufficiently allege in those claims that he has suffered an injury for purposes of Article III of the United States Constitution. In each of those claims, Alshara alleges that Doordash (1) directed him to claim a tax exemption from restaurants at which he picked up orders and then (2) charged the customers tax, as if tax had been collected by the restaurants. But he has failed to sufficiently allege that he suffered a concrete injury from that alleged conduct. He alleges only that he is subject to some future risk that some person or entity may seek to hold him personally liable

for the fact that Doordash compelled the delivery customers to pay tax. That purely speculative risk is not enough. In addition, Counts VIII and IX of the proposed First Amended Complaint are fraud claims, and Alshara does not sufficiently allege that he relied on any fraudulent statement or omission (or silence) by Doordash. For all of these reasons, Alshara may not include in his Second Amended Complaint against Doordash the claims set forth in Counts VII-IX of his proposed First Amended Complaint.

Finally, while the Court is permitting Alshara to file a Second Amended Complaint against Doordash with the claims asserted in Counts I through VI and Count X of the proposed First Amended Complaint, the Court's ruling should not be taken as an indication that the claims in those Counts are viable. The Court is simply ruling that, for purposes of screening under the Court's prior order, the claims may be presented in a civil action.

Alshara shall file his Second Amended Complaint, as described above, in Civil Action Number 26-cv-14186 by no later than **November 23, 2026**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 3, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 3, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126